Scott, J.
The only question necessary to be considered in this case, is: Did the court of common pleas err in excluding from the consideration of the jury, the authentiticated transcripts, purporting to evidence the confessions of judgments by the defendants, in favor of the plaintiff, before the prothonotary of Mercer county, Pennsylvania ?
Assuming that the evidence offered and received fully *244 showed a general authority conferred on the prothonotary, by the laws of that state, to enter judgment, as by confession, on cognovits, or upon warrants of attorney duly executed by a defendant, and purporting to authorize such confession of judgment, yet the jurisdiction of the tribunal entering a judgment in any particular case, may always be inquired into, when such judgment is sought to be made the foundation of an action, either in a court of the state in which it was rendered, or of any other state As was said in Pennywit v. Foote, 27 Ohio St. 615, “ every judgment depends, for its force and validity, on the competency and authority of the tribunal which pronounces it, and may be assailed by showing a want or failure of jurisdiction over the subject-matter or the person, even though absolutely conclusive in other particulars.” And, in that case, it was held, that “ neither the constitutional provision that full faith and credit shall be given in each state to the public acts, records, and judicial proceedings of every other state, nor the act of congress, passed in pursuance thereof, prevents an inquiry into the jurisdiction of a court by which a judgment offered in evidence was rendered.” The numerous authorities cited in that case fully support this doctriue, and render a farther reference to them unnecessary.
Let us then inquire whether the tribunal entering orrendei’ing the judgments offered in evidence, had, at the time of its action in the premises, jurisdiction of the pei’sons of the defendants. It is conceded that no process was issued for their appearance in either of the cases, they, had no notice of the proceedings, actual or constructive; and made no appearance therein, other than an appeax’ance entex’ed for them by-an attorney, who claimed to have authority to appear for them, and confess judgments against them. The record exhibits the sole authority, in virtue of which he assumed to represent and bind them, by a confession of judgment. The debts xipon which judgments were confessed, were evidenced by thx*ee promissory xxotes, of which the first was payable in three months, the second in six months, *245 and the third in nine months after date. Warrants of attorney were incorporated into each of these notes authorizing any attorney, etc., to enter and confess judgment against the makers for the amount of the note, with costs of suit and attorney’s commission of five per cent, for collection, release of errors, and without stay of execution, etc.
Four days after the date of these notes, an attorney appeared before the prothonotary of Mercer county, and, by virtue of these warrants of attorney,'confessed the judgments in question. Did these warrants of attorney confer such authority? We think not. The notes were each given on time. Each note with its warrant of attorney constitutes a single instrument of writing, which should be so construed as to make its parts consistent with each other. When a note is made payable, three, six, or nine months after date, it is clear that the maker does not intend that its payment may be enforced by judgment and execution immediately upon its delivery. These warrants of attorney, construed in connection with their context, can only be understood as authorizing the entry of an appearance, confession of judgment, etc., after the maturity of the respective notes. A different construction would be a fraud upon the makers. And if this be so, the entry of an appearance for these defendants, and the confession of judgments against them, by Mr. Carskadden, four days after the date of the notes, was wholly unauthorized, and the judgments sought to be given in evidence were utterly void for want of jurisdiction of the persons named as defendants therein. It follows that the court of common pleas did not err in excluding the exemplifications of the records offered in evidence, and its judgment is therefore affirmed.